UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. GELMIS, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-00980-RMB |
| JULES ROTHAS, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, DAVID B. KAY, and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-01120-RMB |

[Captions continued on the following pages.]

**DECLARATION OF GEORGE GAY IN SUPPORT OF HIS MOTION TO CONSOLIDATE, APPOINT THE FAFN/SLATER GROUP LEAD PLAINTIFF AND THE CONCOMITANT SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| ALEX D'ANGELO, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, CHARLES M. PINKNEY, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-01331-RMB |
| JUDITH GREENBERG, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, BARBARA C. LUCAS, ANGELA A. BARONE, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-02005-MGC |

[Captions continued on the following page.]

| | |
|---|---|
| NAOMI RAPAHEL, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. FALCONE, WILLIAM S. HARRISON, MELANIE M. LUNDQUIST, CHARLES C. BAUM, EDDIE C. BROWN, ROBERT S. HILLMAN, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-02190-RMB |
| ARNOLD J. ROSS, , Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-02199-RMB |

I, George Gay, duly declare as follows:

1. I am the Chief Executive Officer of First Affirmative Financial Network, LLC ("FAFN"), an investment advisory firm. I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.

2. FAFN acquired Municipal Mortgage Equity LLC ("MMA" or the "Company") securities during the Class Period, as set forth in the schedule annexed to the Declaration of my attorney, Thomas H. Burt, a partner with Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"). FAFN's clients suffered a substantial loss arising from defendants' malfeasance in an amount that exceeds $766,200.

3

3. I contacted Wolf Haldenstein of my own volition to initiate my role in the case, rather than having been contacted by the attorneys and asked to serve in a lead plaintiff capacity.

4. I have conferred with Mr. Ken Slater, a sophisticated investor, via conference call with our counsel.

5. Mr. Slater and FAFN have agreed to act as a group in this litigation (the "FAFN/Slater Group"). I believe that the combination of my experience along with that of Mr. Slater will afford the Class excellent and diverse representation. I am aware that Mr. Slater has suffered a substantial loss to his family's investment portfolio arising from defendants' malfeasance in an amount that exceeds $794,000.

6. Accordingly, this Declaration is made in support of the FAFN/Slater Group's Motion for an Order Appointing it as Lead Plaintiff (the "Motion").

7. I believe that the FAFN/Slater Group possesses the largest financial interest in the outcome of this litigation of any movant for lead plaintiff.

8. I have discussed this case and my responsibilities as Lead Plaintiff extensively with Mr. Burt and understand that as Lead Counsel I owe a fiduciary duty to all members of the proposed Class to provide fair and adequate representation. I also understand that I have a fiduciary duty to the Class and a responsibility to act in the Class' best interests.

9. I understand that it is my responsibility as a member of the FAFN/Slater Group to keep fully informed at all times concerning the status and progress of this action, the strengths and weaknesses of the case and the prospects for any resolution of this matter.

10. As a member of the FAFN/Slater Group, I will consult with Mr. Slater and our counsel when necessary on important motions, settlement discussions, trial preparation and trial and shall have the authority and responsibility to direct counsel with respect to each of these

events after receiving the benefits of Lead Counsel's advice. In addition, we will meet or otherwise communicate via telephonic or written correspondence at least quarterly amongst ourselves and Lead Counsel for status updates. We will communicate as often as is necessary to ensure the vigorous and efficient prosecution of this case.

11. I understand that I have the right to select counsel as part of the lead plaintiff process. In connection therewith, I have made a considered judgment in retaining Wolf Haldenstein as Lead Counsel. I believe that the firm possesses extensive experience in prosecuting complex securities class actions and has the resources necessary to prosecute this action.

12. The FAFN/Slater Group seeks an order appointing Wolf Haldenstein as Lead Counsel.

13. I have discussed attorneys' fees with counsel and understand that they will be compensated on a contingency basis and further understand that they will receive only what the Court awards them on successful result of the litigation, as counsel's portion of the recovery.

14. In addition, I am aware that it may be necessary and I am willing, if the need arises, to travel in connection with this litigation.

15. I believe that Mr. Slater and I can provide for efficient prosecution of this action, including a regular schedule to discuss and evaluate the action as it progresses.

16. Moreover, by way of the accompanying Motion, I support the position that FAFN should be appointed sole lead plaintiff if the Court decides it is appropriate to appoint a sole lead plaintiff. I do believe, however, that the interests of the Class would be best served by a lead plaintiff that consists of both an individual and institutional investor.

17.     I believe that, standing alone, FAFN has the largest loss apart from Mr. Slater's loss calculations.

18.     I also understand that Mr. Slater is prepared to serve as the sole Lead Plaintiff should the Court decide it is appropriate to select only one shareholder to serve as a Lead Plaintiff. I am amenable to that strategy but, as stated above, will remain active and available to assist counsel when needed.

19.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:

March __31__, 2008

                                              George Gay
                                              First Affirmative Financial Network LLC